Alexis M. HERMAN, Secretary of Labor, United States Department of Labor, Plaintiff–Appellee,

v.

Arthur GOLDSTEIN and Medco Administrators, Ltd., Defendants–Appellants.

No. 99–6364.

United States Court of Appeals, Second Circuit.

Argued: Aug. 31, 2000

Decided: Sept. 7, 2000

Paul C. Adair, Trial Att'y, Plan Benefits Security Division, United States Department of Labor, Washington, DC (Henry L. Solano, Solicitor of Labor, Allen H. Feldman, Acting Associate Solicitor, Karen L. Handorf, Counsel for Special Litigation, United States Department of Labor, Washington, D.C., on the brief), for Plaintiff–Appellee.

Louis Goldberg, New York, New York (Goldberg & Weinberger, New York, New York, on the brief), for Defendants-Appellants.

Before: KEARSE, JACOBS, and STRAUB, Circuit Judges.

PER CURIAM.

Defendants Arthur Goldstein and Medco Administrators, Ltd. ("Medco"), appeal from a final judgment of the United States District Court for the Southern District of New York, Kimba M. Wood, *Judge,* (a) ruling that they violated the Employee Retirement Income Security Act of 1974,

29 U.S.C. § 1001 *et seq.* (1994) ("ERISA"), by withholding sums, unilaterally determined by defendants to constitute Medco's fees, from contributions made by employers to the Solidarity of Labor Organizations Health and Welfare Fund ("Fund") to obtain employee health benefits, (b) ordering defendants to disgorge $9,525,493.16, plus interest dating from June 9, 1999, on account of their violations, and (c) permanently enjoining defendants from, *inter alia*, serving as fiduciaries or service providers to any ERISA-covered employee benefit plan. On appeal, defendants contend principally that such sums as they determined were their fees did not constitute Fund assets, and that in any event, they were not fiduciaries of the Fund within the meaning of ERISA.

We reject the contention that the moneys defendants withheld were not Fund assets substantially for the reasons stated in Judge Wood's Opinion & Order, reported at *Metzler v. Solidarity of Labor Organizations Health & Welfare Fund, et al.*, 1998 WL 477964, at *5–7 (S.D.N.Y. 1998), analyzing the terms of the documents governing the Fund. We reject the contention that defendants were not Fund fiduciaries, given our decision in *United States v. Glick*, 142 F.3d 520, 527–28 (2d Cir.1998) (agent who exercises "unhampered discretion in setting [his own] commission rate" is a fiduciary). We see no error in the district court's determination that defendants' conduct violated ERISA.

We have considered all of defendants' contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.